THE ATTORNEY GENERAL
OF TEXAS
GROVER SELLERS                    AUSTIN 11, TEXAS
ATTORNEY GENERAL


Honorable Thomas L. Blanton, Jr.
County Attorney
Shackelford County
Albany, Texas

Dear Sir:                              Opinion No. 0-6404
                                       Re: Compensation of the deputies
                                           of the Sheriff who is also the
                                           Assessor-Collector of Taxes,
                                           and other matters.

        Your letter of January 24, 1945, requesting the opinion of this
Department regarding the matters mentioned therein, is in part, as follows:

        "The auditor who has audited our county books has
        brought up certain legal questions in connection with
        the administration of our county business upon which,
        as County Attorney, I would like to get opinions from
        your office.

        "The population of Shackelford County is less than
        25,000 inhabitants, and the total assessed valuations
        are approximately $7,000,000.00. The office of Sheriff,
        Tax Assessor, and Tax Collector, is combined into one
        office, and held by one individual.

        "For a number of years prior to the election of the
        present officer, and also prior to my becoming County
        Attorney, the fees of the deputies employed by the Sheriff,
        Tax Assessor and Tax Collector, were paid by the County
        Treasurer out of the General Fund, and all fees of office
        were paid into the County Treasury.

        "The auditor, who has just audited the county books,
        objects to this procedure, and has advised the Commissioners'
        Court that the deputies of this office must be paid out of
        the fees of office and that their compensation is limited
        to the fees of office.

        "In this connection, the officer who holds the combined

office of Sheriff, Tax Assessor, and Tax Collector, is
Mr. Charles H. Arendt. He has employed under him as
deputies the following: Mr. John Hightower, Chief Deputy
Sheriff, at a salary of $1800.00 per year; Mr. Emory Mor-
ris, Deputy Sheriff at Moran, Texas, at a salary of $1800.00
a year; Mr. R. S. Plummer, Chief Deputy Tax Assessor, at a
salary of $1800.00 per year; Mrs. Nadine Brewster, Assistant
Deputy Tax Collector, at a salary of $1200.00 per year.

"All of these salaries have heretofore been paid by
the County Treasurer out of the General Fund of Shackelford
County, and during 1944 the fees of the respective offices
did not quite meet the amounts necessary to pay the respec-
tive salaries, and that of the Sheriff himself. . . . ."

We thank you for the brief submitted with your inquiry. Shackelford
County has a population of 6,211 inhabitants according to the 1940 Federal
Census and the County officials of said County are compensated on a fee basis
for their official services.

In counties having a population of less than 10,000 inhabitants
according to the last preceding census of the United States, the Sheriff of
each of such counties in addition to his other duties shall be the Assessor
and Collector of Taxes therefor. (Art. 8 Sec. 16 of the State Constitution;
Art. 7246, V.A.C.S.)

Art. 3902, V.A.C.S., provides in part:

". . . .the compensation which may be allowed the
deputies, assistants or clerks above named for their
services shall be a reasonable one, not to exceed the
following amounts:

"1. In counties having a population of Twenty-five
Thousand (25,000) or less inhabitants, first assistant or
Chief Deputy not to exceed Eighteen Hundred ($1800.00)
Dollars per annum; other assistants, deputies or clerks not
to exceed Fifteen Hundred ($1500.00) Dollars per annum each.

". . . ."

Art. 3899, V.A.C.S., provides in part:

". . . . The amount of salaries paid to assistants
and deputies shall also be clearly shown by such officer,
giving the name, position, and amount paid each; and in no

event shall any officer show any greater amount than
actually paid any such assistant or deputy. The amount
of such expenses, together with the amount of salaries
paid to assistants, deputies, and clerks shall be paid
out of the fees earned by such officer . . . ."

We have carefully considered all the statutes mentioned in your
inquiry in connection with the questions under consideration. For the purposes
of this opinion we do not deem it necessary to quote said statutes in full.

Article 6869, V.A.C.S., authorizes the payment of Deputy Sheriffs out
of the General Fund of the county only when the Commissioners' Court is of the
opinion that the fees of the Sheriff are not sufficient to justify the payment
of the deputies. The purpose of the statute is to enable the Sheriff to have a
sufficient number of deputies to perform the duties of his office.

This Department has repeatedly held that a Sheriff who performs the
duties of Tax Assessor-Collector, is holding only one office, that is, the office
of Sheriff, and that the assessing and collecting of taxes are additional duties
imposed upon the Sheriff. This Department has also repeatedly held that a
Sheriff who performs the duties of the Assessor and Collector of Taxes is en-
titled to appoint only one Chief Deputy. You are therefore respectfully advised
that it is the opinion of this Department that the Sheriff of Shackelford County,
who performs the duties of Assessor-Collector of Taxes, is authorized to appoint
only one Chief Deputy for his office, with the approval of the Commissioners'
Court, and such other deputies and clerks that are necessary. The salary of the
Chief Deputy cannot exceed the sum of $1800.00 per annum, and the salaries of
other deputies or clerks of the Sheriff cannot exceed $1500.00 per annum each.
The Sheriff of Shackelford County cannot legally appoint three Chief Deputies
for his office and pay each a maximum compensation of $1800.00 per annum. (See
opinion No. 0-91, a copy of which is enclosed for your convenience.) All of the
deputies appointed by the Sheriff are deputy sheriffs and none of them are deputy
tax assessors or deputy tax collectors.

You are further advised that it is our opinion that the compensation
of the deputies of the Sheriff must be paid from fees of his office, and there
is no legal authority whatever authorizing the payment of such compensation out
of the General Fund of the County except as authorized by Art. 6869 when the
Commissioners' Court is of the opinion that the fees of the Sheriff are not
sufficient to justify the payment of the deputies. This statute (Art. 6869)
does not contemplate that the compensation paid the deputies out of the General
Fund in accordance therewith shall be charged against the Sheriff. Stated dif-
ferently the Sheriff is not authorized to pay the County Treasurer all the fees
of his office, neither is the County Treasurer legally authorized to pay the
compensation of the deputies of the Sheriff out of the General Fund of the County.

Honorable Thomas L. Blanton, Jr., page 4 (O-6404)


As heretofore stated, the compensation of the deputies of the Sheriff must be paid out of the fees of his office, except as authorized by Art. 6869.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/Ardell Williams

Ardell Williams
Assistant

AW:lw
Encl

APPROVED FEB 7 1945

/s/Grover Sellers

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY /s/BWB
Chairman